IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| FRANKIE LEE MCCANN, JR., | Cause No. CV 24-148-BLG-DWM |
| Petitioner, | |
| | ORDER |
| vs. | |
| START PROGRAM, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On October 7, 2024, state pro se prisoner Frankie Lee McCann, Jr. ("McCann") filed a handwritten document seeking "conditional release" from his state sentence. (Doc. 1.) McCann was directed to submit a petition for habeas corpus relief, pursuant to 28 U.S.C. § 2254, using the Court's standard form. He was also advised he needed to either pay the filing fee or submit a motion to proceed in forma pauperis. *See*, (Doc. 2.) McCann timely complied by filing an amended petition. (Doc. 3.)

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached

1

exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254

Cases.  As explained below, because McCann's claim is unexhausted, his petition

will be dismissed without prejudice.

### I.      Motion to Proceed in Forma Pauperis

McCann seeks leave of the Court to proceed in forma pauperis.  (Doc. 4.)

Although he has not provided a copy of his inmate institutional account statement

as required, (*see Id.* at 1, ⍡ 1), there is no reason to delay this matter further.  The

motion will be granted.

### II.     Exhaustion

McCann was committed to the Montana Department of Corrections

following a 2024 conviction for Partner or Family Member Assault in Montana's

Thirteenth Judicial District, Yellowstone County.  It also appears that a prior 2022

conviction of Failure to Register as a Sexual or Violent Offender was revoked due

to McCann violating the terms of his probationary sentence.  (Doc. 3 at 2-3.)[1]

McCann asserts that he has served one fourth of his sentence, as required

under state law, and believes he should be released from custody.  (*Id.* at 4.)  He

further indicates that he has not been revoked since being sentenced by Judge

Souza in Yellowstone County and, therefore, is eligible for conditional release to

---

[1]*See also*, Montana Correctional Offender Network:
https://offendersearch.mt.gov/conweb/Offender/3034047/ (accessed November 20, 2024.)

state probation and parole authorities. (*Id.* at 5, 7.)

While McCann makes a passing reference a denial of his rights, he appears to challenge the manner in which the State of Montana has handled his sentence calculation and supervision proceedings under state law. McCann is advised that this Court may only entertain a habeas corpus petition if he demonstrates that he is in custody in violation of the Constitution or laws or treaties of the United States. (*See* 28 U.S.C. § 2254(a)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68, (1991) (federal habeas corpus relief does not lie for errors of state law). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989). Thus, McCann's current petition is not cognizable because he fails to identify a purported federal constitutional violation. But that is not the only deficiency from which McCann's petition suffers.

To the extent that McCann could identify a cognizable federal claim, such claim is presently unexhausted. McCann acknowledges he has not yet presented his claim, in any fashion, to the state courts. (Doc. 3 at 5.) He further explains that he recently obtained the correct state form and is attempting to file the form now. (*Id.*)

A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in

federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id.. see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present case, the state courts have not yet considered the claim

McCann attempts to advance. McCann must present the same claim to the state

courts, including the Montana Supreme Court, in a procedurally appropriate

manner and give them one full opportunity to review his federal constitutional

claim. *O'Sullivan*, 526 U.S. at 845. Because McCann has not yet completely

exhausted his available state court remedies, this Court cannot review the claim.

*See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal will be **without prejudice**,

allowing McCann to return to this Court if and when he fully exhausts the claim

relative to his current custody.

### III.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254

Proceedings. A COA should issue as to those claims on which a petitioner makes

a "substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the

district court's resolution of [the] constitutional claims" or "conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)). Where a claim is dismissed on procedural grounds, the court must also

decide whether "jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648

(2012) (quoting *Slack*, 529 U.S. at 484).

McCann has not made a substantial showing that he was deprived of a

federal constitutional right.  Further, because his claim as pled is not cognizable

and the petition is unexhausted, reasonable jurists would find no basis to encourage

further proceedings.  There are no close questions and there is no reason to

encourage further proceedings in this Court.  A certificate of appealability will be

denied.

Based on the foregoing, the Court enters the following:

## ORDER

1.  McCann's motion for leave to proceed in forma pauperis (Doc. 4) is

GRANTED.  The Clerk of Court is directed to waive payment of the filing fee.

2.  McCann's Amended Petition (Doc. 3) is DISMISSED without prejudice

as unexhausted.

3.  The Clerk of Court is directed to enter a judgment of dismissal.

4.  A certificate of appealability is DENIED.

DATED this 22nd day of November, 2024.

Donald W. Molloy
United States District Court Judge

6